IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

U.S. DISTRICT COURT
DISTRICT OF MAINE
BANGOR
RECEIVED & FILED

2021 DEC 17 P 3 17

Nathan Reardon                    CASE NO: _____

1:21-cv-362-LEW

(an Individual and
State of Maine resident)

                Plaintiff

v.

Lowe's Companies Inc.

A North Carolina Corporation

                Defendant

## COMPLAINT

COMES NOW the Plaintiff Nathan Reardon,  acting pro se (the "Plaintiff"), who files this Complaint against the Defendant, Lowe's Companies Inc. ("the Defendant") and further states as follows:

## JURISDICTION AND VENUE

Jurisdiction is proper in this case as the US District Courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. Jurisdiction is therefore proper under 28 U.S.C. § 1332.

Venue is proper in this District pursuant to 15 U.S.C. §§ 15(a), 22 and 28 U.S.C. §§ 1391(b), (c), and (d) because, during the relevant period, Defendant., resided, transacted business, were found, or had agents in this District, and a substantial portion of their activity that relate to interstate commerce occurred in this District.

## THE PLAINTIFFS

1

The Plaintiff Nathan Reardon at all times preceding this Complaint is a resident of the State of Maine. The Plaintiff Nathan Reardon is a father, inventor, entrepreneur and Manager of Taco Shack LLC, a franchised Taco Shack brand operating in and around the Maine metropolitan area. The Plaintiff is also a regular practitioner of Martial Arts where he has achieved of second degree black belt in Karate.

## THE DEFENDANT

Defendant Lowe's Companies, Inc. (hereinafter "Lowe's"), is an American retail company specializing in home improvement. Headquartered in Mooresville, North Carolina, the company operates a chain of retail stores in the United Statesand Canada. As of February 2021, Lowe's and its related businesses operates 2,197 home improvement and hardware stores in North America.

## FACTUAL ALLEGATIONS

1. On December 29 2019, the Plaintiff visited the Defendant Lowe's store branch located on 15 Arista Dr. Brewer, ME. 04412 to purchase items for a project.

2. Plaintiff asserts that as he proceeded in the check out line to pay for some wooden fence posts, that one of the Defendant's agents and/or cashiers did not hold the wooden fence post in a manner of care to protect customers, but rather fumbled in holding the 4 x 4. wood post which started falling towards Plaintiff's head.

3. Plaintiff further states that in an attempt to protect his head from severe injury, Plaintiff, endeavored to reach up and grab the wooden post, which fell and otherwise damaged Plaintiff's thumb.

4. Plaintiff asserts that as a result the cashier of Lowe's lack of care that Plaintiff suffered damage to one of his tendons in his thumb and further that Plaintiff had to acquire surgery to have said tendon replaced.

5. Plaintiff states that he has suffered permanent damage to his thumb and has been unable to use his thumb like he used to, prior to the incident at the Defendant's establishment where Defendant's agent was at fault..

**CAUSES OF ACTION**

**FIRST CAUSE Of ACTION**

**NEGLIGENCE**

**A. The Existence of a Legal Duty**

6.     To state a negligence claim in the state of Maine, a plaintiff must establish the following elements: "a duty owed, a breach of that duty, and an injury . . . that is proximately caused by a breach of that duty." Belyea v. Shiretown Motor Inn, LP, 2010 ME 75, ¶ 6, 2 A.3d 276, 278 (quoting Stanton v. Univ. of Me. Sys., 2001 ME 96, ¶ 7, 773 A.2d 1045, 1049). The issue presented in this motion to dismiss is whether Lewiston Pawn owed a duty to Mr. Baker that the law recognizes. Duty is a question of law. Brown v. Delta Tau Delta, 2015 ME 75, ¶ 9, 118 A.3d 789, 791 ("Even though the issue is fact driven, the question of duty is a legal question decided by the court, not the jury").

7.     "Duty involves the question of whether the defendant is under any obligation for the benefit of the particular plaintiff." Davis v. Dionne, 2011 ME 90, ¶ 10, 26 A.3d 801, 805 (quoting Jackson v. Tedd-Lait Post No. 75, Am. Legion, 1999 ME 26, ¶ 7, 723 A.2d 1220, 1221). The Maine Supreme Judicial Court has reiterated the general, no- duty rule: In instances of nonfeasance rather than misfeasance, and absent a special relationship, the law imposes no duty to act affirmatively to protect someone from danger unless the dangerous situation was created by the defendant. Only when there is a "special relationship," may the actor be found to have a common law duty to prevent harm to another, caused by a third party. There is simply no duty so to control the conduct of a third person as to prevent him from causing physical harm to another unless . . . a special relation exists . . ..

Belyea, 2010 ME 75, ¶ 9 (alternations in original) (quoting Bryan R. v. Watchtower Bible & Tract Soc'y of N.Y., Inc., 1999 ME 144, ¶ 14, 738 A.2d 839, 845).

8.      Plaintiff in this regard states that his being a customer of the Defendant Lowe's at one of the Defendant's stores presents the situation where the Defendant Lowe's had a duty to protect customers in their stores from harm to any of their products being sold, inclusive of preventing harm from all agents working at their stores harming other persons. Plaintiff asserts that the Lowe's cashier should be considered an agent of the Defendant Lowe's allowing the Defendant to be liable under agency theory and/or *respondeat superior* and/or *Res Ispa Loquitor.*

**B. Foreseeability of Harm**

9.      Plaintiff asserts that the concept of foreseeability "enters into . . . the willingness of the court to recognize the existence of a duty . . .." Cameron, 610 A.2d at 282 (quoting Thing v. La Chusa, 771 P.2d 814, 819 n.3 (1989)). The Maine Supreme Judicial Court quoted the California Supreme Court's view of the way a court should consider foreseeability:

[A] court's task—in determining "duty"—is not to decide whether a particular plaintiff's injury was reasonably foreseeable in light of a particular defendant's conduct, but rather to evaluate more generally whether the category of negligent conduct at issue is sufficiently likely to result in the kind of harm experienced that liability may appropriately be imposed on the negligent party. Id. (quoting Thing, 771 P.2d at 819 n.3) (alteration and emphasis in original).

10. Plaintiff asserts that even without a special relationship, the Lowe's cashier knew or should have known that by not holding the 4x4 wooden fence post in a proper manner that through gravity, it was reasonably foreseeable that the heavy item would have injured Plaintiff who was paying for the item, and who did in fact conduct immediate self action in his own defense by attempting to grab the wooden post with his hand, thereby injuring his thumb, rather than his own head in the process.

11.   Plaintiff states that under the circumstances and speed at which the wood fell, moving out of the way entirely was not one of the best options available to Plaintiff, as had he done said action, the falling wood may  have caused more damage to Plaintiff or other customers also present.

4

**C. Injury Sustained to Plaintiff**

12.     Plaintiff states that as a result of Defendant's breach of duty in safeguarding the wooden fence post upon check out that the cashier's on mission created a reasonably foreseeable risk of harm to the Plaintiff, which did in fact occur as Plaintiff's thumb remains permanently damaged despite Plaintiff undergoing surgery to his damaged tendon.

13. Plaintiff states that he is an entrepreneur that earns anywhere between $120.000 to $150,000 annually.

14. Plaintiff further states that he is a trained Martial Artist and has a second degree black belt certification in Karate, which discipline requires the exhibition of complex striking techniques using both an open and closed hand, which is now permanently damaged as a result of the Defendant's Negligence.

**C. Comparative Relief**

15.     Plaintiff asserts that in 2007, the United States Supreme Court issued Bell Atlantic Corporation v. Twombly, which emphasized the need for a plaintiff's complaint to marshal sufficient facts to demonstrate a "plausible entitlement to relief . . .." 550 U.S. 544, 559 (2007).

16.     Plaintiff further states that Maine case law addresses a business' obligation to prevent harm, even harm by third persons, to its invitees. Fish v. Paul ,574 A.2d 1365, 1366 (Me. 1990)) and that further, the Maine Supreme Judicial Court has "recognized the general duty of a business proprietor to exercise reasonable care to prevent injury to business invitees." Id.

## CLAIM FOR DAMAGES

**WHEREFORE Plaintiff** Nathan Reardon hereby claims damages against the Defendant Lowe's in the amount of $1,000,000.00  to compensate Plaintiff for his injuries sustained while as a customer at one of its branches.

Plaintiff also claims Costs for this suit and any other Damages which the Court is willing to allow:

Respectfully Submitted

Nathan Reardon

Plaintiff, Pro se

Dated _____ day of December 2021

## CERTIFICATE OF SERVICE

**I** Nathan Reardon, Plaintiff in the above styled matter do hereby certify that on the _____ day of December that a copy of this filing was sent to the following Defendant, via certified US Mail

Lowe's Companies Inc
1000 Lowe's Blvd. Mooresville
NC 28117 ·

Nathan Reardon

Plaintiff, Pro se

773 Lower Detroit rd.

Plymouth, ME. 04434

561-757-0065