UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NATHAN REARDON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:21-cv-00362-LEW |
| | ) |
| LOWE'S COMPANIES, INC., | ) |
| | ) |
| | ) |
| Defendant. | ) |

## ORDER ON DEFENDANT'S MOTION FOR SANCTIONS

In December 2021, Plaintiff Nathan Reardon sued Defendant Lowe's Home Centers, LLC, for negligence in this Court.[1] *See* Compl. at 3. Since then, this case has been stuck in discovery. While Lowe's has made numerous discovery requests, Reardon, who has been incarcerated twice during this case, has repeatedly failed to respond to those requests. Reardon's latest failure to respond also violated this Court's discovery order, which attempted to facilitate discovery while Reardon was in custody. Before the Court is Lowe's Motion for Sanctions (ECF No. 29), in which Lowe's requests dismissal of Reardon's case with prejudice.

For the following reasons, Lowe's motion is GRANTED IN PART and DENIED IN PART, and Reardon's case is DISMISSED WITHOUT PREJUDICE.

### BACKGROUND

---

[1] Reardon misnamed Lowe's Home Centers, LLC, as "Lowe's Companies, Inc."

In December 2021, Reardon sued Lowe's for negligence after allegedly being injured while shopping at Lowe's two years earlier. On April 14, 2022, Lowe's emailed Reardon with interrogatories and requests for production. *See* Mot. for Sanctions, Ex. A. Reardon emailed his responses on April 19, but he did not produce the requested documents. *Id.* at Ex. B. On April 20, 2022, Reardon was arrested. After he was released from custody in May 2023, Lowe's re-served Reardon with the unanswered interrogatories and requests for production. *Id.* at Ex. C. Reardon did not respond to these interrogatories. In August 2023, Lowe's requested a hearing regarding discovery. *See* ECF No. 25. In September, Magistrate Judge Nivison noted that Reardon had recently been incarcerated, and he ordered that Lowe's forward Reardon the remaining written discovery requests to the Somerset County Jail. Order on Discovery, ECF No. 26 at 1. The order instructed Reardon to provide "complete, signed responses to the discovery requests" within "21 days of receipt of the discovery requests." *Id.* Magistrate Judge Nivison cautioned: "If Plaintiff fails to provide complete, signed responses in accordance with this order, the Court could authorize Defendant to file a motion for sanctions." *Id.*

Lowe's sent its written discovery requests to Reardon on September 7. ECF No. 27 at 1. Four days later, Lowe's received a signed return receipt from the Somerset County Jail. *Id.* With twenty-one days having passed, Reardon failed to respond, and Lowe's filed another request for a hearing regarding discovery and requested leave to file a motion for sanctions. *Id.* at 1–2. Magistrate Judge Nivison authorized Lowe's to file a motion for sanctions "based on Plaintiff's failure to respond to Defendant's discovery requests and to comply with the Court's discovery order." Order Regarding Discovery, ECF No. 28.

## DISCUSSION

Lowe's has filed a motion for sanctions, requesting dismissal with prejudice of Reardon's case based on his ongoing failure to respond to discovery requests and comply with this Court's discovery order. Reardon objects because, in his view, dismissal is unconscionable because he is incarcerated, and he requests forty-five days to file pleadings and to respond to Lowe's discovery requests.

When a party "fails to obey an order to provide or permit discovery," the court may "dismiss[ ] the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A); *see also Vallejo v. Santini-Padilla*, 607 F.3d 1, 7 (1st Cir. 2010) ("District Courts' authority to dismiss an action as a sanction for noncompliance with a discovery order is well established."). Dismissal "of a case may at times be a harsh sanction," *Vallejo*, 607 F.3d at 8, but the First Circuit has "routinely recognized that it is an essential tool for district courts' effective exercise of their 'right to establish orderly processes and manage their own affairs.'" *Id.* (quoting *Young v. Gordon*, 330 F.3d 76, 81 (1st Cir. 2003)). "[D]ismissal ordinarily should be employed as a sanction only when a plaintiff's misconduct is extreme." *Young*, 330 F.3d at 81; *see also Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 2002) ("[D]isobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus, warrants dismissal).").

Dismissal of Reardon's case is appropriate. This case is now over two years old, and Lowe's has repeatedly tried to obtain discovery from Reardon, who has failed to respond to these discovery requests. Mot. for Sanctions, ECF No. 29, Ex. A. Dismissal is also supported by Reardon's disregard for this Court's discovery order, which attempted

3

to facilitate discovery while he was incarcerated. *See Tower Ventures*, *Inc.* at 46. I am mindful that Reardon has been incarcerated twice during this case; however, that does not justify keeping this case in discovery for years or Reardon's failure to abide by this Court's discovery order. *See Hinkle v. Gentry*, 529 F. Supp. 2d 281, 283 (D. Mass. 2008) (dismissing the plaintiff's case when the plaintiff's discovery abuse was "severe, virtually paralyzing the progress of the case"). Reardon's failure to respond to discovery requests and comply with this Court's discovery order has resulted in trial being delayed for years and has prejudiced Lowe's ability to prepare for trial. Having concluded that dismissal is appropriate, I must decide whether Reardon's case should be dismissed with or without prejudice.

Dismissal with prejudice is an extreme sanction because it "foreclose[es] forever the plaintiff's opportunity to obtain judicial redress." *Pomales v. Celulares Telefónica, Inc.*, 342 F.3d 44, 48 (1st Cir. 2003); *see also Benítez-García v. González-Vega*, 468 F.3d 1, 5 (1st Cir. 2006) (noting that dismissing cases with prejudice raises "fairness concerns" given "the law's preference that cases be disposed of on the merits" and "procedural aspects such as notice and an opportunity to be heard"). Thus, the First Circuit has cautioned that "dismissal with prejudice is a harsh sanction, which should be employed only when a plaintiff's misconduct has been extreme and only after the district court has determined that none of the lesser sanctions available to it would truly be appropriate." *United States ex rel. Nargol v. DePuy Orthopaedics, Inc.*, 69 F.4th 1, 13 (1st Cir. 2023) (quoting *Malot v. Dorado Beach Cottages Assocs.*, 478 F.3d 40, 44 (1st Cir. 2007)). Relevant factors in deciding whether dismissal with prejudice is appropriate include: "the severity of the

4

violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness vel non of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions." *Benítez-García*, 468 F.3d at 5 (quoting *Robson v. Hallenbeck*, 81 F.3d 1, 2 (1st Cir. 1996)). Courts also weigh procedural considerations, such as whether a party was warned about a sanction and given an opportunity to object. *See id.* "And where the case is close, courts should prefer less severe sanctions that preserve the possibility of disposition on the merits." *Pomales*, 342 F.3d at 48 (citing *Velazquez-Rivera v. Sea-Land Serv., Inc.*, 920 F.2d 1072, 1079 (1st Cir. 1990)).

Dismissal without prejudice is an appropriate sanction. Lowe's requested relief, dismissal with prejudice, is too severe. It is true that Reardon has stymied discovery for nearly two years and violated this Court's discovery order, resulting in numerous delays to trial. This favors dismissal with prejudice. *See id.* (explaining that "[d]ismissal with prejudice for failure to prosecute is appropriate in the face of 'extremely protracted inaction (measured in years)'" and "disobedience of court orders"). But Reardon's *pro se* status and the fact that he has been incarcerated twice throughout this litigation, which undoubtedly has made it more difficult for him to engage in discovery, are mitigating factors. *See Oliver v. Power*, No. 1:21-CV-00225-JAW, 2021 WL 4942861, at *2 (D. Me. Oct. 21, 2021) (stating that dismissal with prejudice was inappropriate because the plaintiff was acting *pro se* and failed to comply with one court order), *report and recommendation adopted sub nom. Oliver v. Versant Power*, No. 1:21-CV-00225-JAW, 2021 WL 5371550 (D. Me. Nov. 17, 2021); *see also Marcello v. Maine*, 468 F. Supp. 2d 221, 226 (D. Me.

5

2007) (*Pro se* "litigants must nonetheless comply with the procedural rules and orders of the court."), *objections overruled*, No. CV-06-68-B-W, 2007 WL 397128 (D. Me. Feb. 1, 2007). Dismissal without prejudice is a sufficient sanction for Reardon's conduct.

Procedural considerations also disfavor dismissal without prejudice. While Magistrate Judge Nivison warned that Reardon's failure to "provide complete, signed responses in accordance with this order" may result in the Court authorizing "Defendant to file a motion for sanctions," Reardon was not warned that his case could be dismissed with prejudice. *See Pomales*, 342 F.3d at 49 & n.4 (observing that a *pro se* litigant "may not have appreciated the risk inherent in delay," which heightened the fairness concerns implicated in dismissing a *pro se* litigant's case with prejudice because there were no clear warnings).

## CONCLUSION

For the foregoing reasons, Defendant Lowe's Motion for Sanctions (ECF No. 29) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff Reardon's case is **DISMISSED WITHOUT PREJUDICE**.[2]

SO ORDERED.

Dated this 12th day of February, 2024.

                                            /s/ Lance E. Walker
                                            UNITED STATES DISTRICT JUDGE

---

[2] Thus, Reardon may file the same claim against Lowe's in the future. Reardon should, however, be mindful of the statute of limitations.